UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROY MCNEIL, CDCR# BV-9170, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO SHERIFFS, et al., <br><br> Defendants. | Case No.: 23-CV-2199 JLS (BLM) <br><br> **ORDER:** <br><br> **(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g); AND** <br><br> **(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** <br><br> (ECF Nos. 1, 2) |

Plaintiff James Roy McNeil, a state prisoner proceeding pro se, has filed a civil rights Complaint ("Compl.," ECF No. 1) pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP Mot.," ECF No. 2). Plaintiff alleges his constitutional rights were violated by Defendants while he was being held at the George Bailey Detention Facility ("GBDF") in San Diego County. Compl. at 1–3.

/ / /

/ / /

**LEGAL STANDARD**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350 fee, and those not granted leave to proceed *in forma pauperis* ("IFP") must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim,'" *King*, 398 F.3d at 1116 n.1 (first alteration in original), "even if the district court styles such dismissal as [a] denial of the prisoner's application to file the action without prepayment of the full filing fee," *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

## DISCUSSION

### I. Plaintiff's Prior "Strikes"

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket . . . may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That is the case here.

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Based on a review of its own dockets, the Court finds that Plaintiff James Roy McNeil, currently identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #BV-9170, while incarcerated, has had at least six prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *McNeil v. California*, No. 05-cv-7330-UA-RC (C.D. Cal. Dec. 20, 2005) (Order Denying Leave to File Action without Prepayment of the Filing Fee and Dismissing Action as "legal and/or factually patently frivolous." [ECF No. 7]) (strike one);

(2) *McNeil v. Eply*, No. 08-cv-2053-WQH-CAB (S.D. Cal. Feb. 18, 2009) (Order Granting Motion to Proceed IFP, Denying Motion for Appointment of Counsel and Dismissing Civil Action pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) [ECF No. 6]) (strike two);

(3) *McNeil v. Walker*, No. 08-cv-2243 (E.D. Cal. April 3, 2009) (Order Denying Request for Appointment of Counsel and Dismissing Complaint with Leave to Amend pursuant to 28 U.S.C. § 1915A(b)(1)–(2) [ECF No. 17]) (strike three);

(4) *McNeil v. Internal Revenue Service*, No. 08-cv-2441-FCD-EFB (E.D. Cal. Dec. 4, 2008) (Findings and Recommendation ("F&R") to Dismiss Civil Action as duplicative[1] [ECF No. 9]); (Order Adopting F&R and Dismissing Action [ECF No. 12]) (strike four);

(5) *McNeil v. Redding*, No. 08-cv-2322-EFB (E.D. Cal. April 19, 2010) (Order Dismissing Civil Action for failure to state a claim pursuant to 28 U.S.C. § 1915A [ECF No. 12]) (strike five); and

(6) *McNeil v. Swartzennegger* [sic], No. 09-cv-1454-WQH-POR (S.D. Cal. Aug. 19, 2009) (Order Dismissing Civil Action as duplicative pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot [ECF No. 5]) (strike six).

Accordingly, Plaintiff has accumulated at least six "strikes" as defined by § 1915(g).

## II.   Imminent Danger of Serious Physical Injury

Given the above "strikes," Plaintiff is not entitled to proceed IFP in this action unless he has made a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

/ / /

---

[1] The Ninth Circuit has recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike within the meaning of the three strikes provision of the PLRA, 28 U.S.C. § 1915(g). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *see also LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike).

4

Here, Plaintiff makes no such allegation.  In his Complaint, Plaintiff claims his constitutional rights were violated when (1) unnamed Sheriff's deputies at GBCF used excessive force against him during and after a January 3, 2023 cell extraction and (2) two unnamed nurses at GBCF subsequently failed to provide adequate medical care.  Compl. at 2–3.  Plaintiff, however, was no longer housed at GBCF, or in the custody of the San Diego Sherrif's Department, on the date he signed his Complaint.  *See id.* at 1.  Instead, he indicates he was in the custody of the CDCR and housed at Wasco State Prison at the time he filed the Complaint.  *See id*.  Plaintiff is thus now incarcerated at a different institution from where the incident occurred and where none of the defendants are alleged to be employed.  Accordingly, the Court finds Plaintiff's Complaint contains no "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## CONCLUSION

In light of the foregoing, the Court (1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); and (2) **DISMISSES** the Complaint for failure to satisfy the filing fee requirement.  Unless Plaintiff pays the $405 civil filing fee <u>within forty-five (45) days</u> of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  December 14, 2023

Hon. Janis L. Sammartino
United States District Judge