UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. MCNEIL, CDCR #BV9170,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO SHERIFFS; NURSE #1; NURSE #2,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-2199 JLS (BLM)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 4) |

　　　On November 29, 2023, Plaintiff James McNeil ("Plaintiff" of "McNeil")—a state inmate proceeding pro se—filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). *See* ECF Nos. 1, 2. In its December 14, 2023 Order (the "Order," ECF No. 3), the Court denied McNeil's IFP motion and dismissed the case pursuant to 28 U.S.C. § 1915(g) because Plaintiff has had at least six prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See generally* Order. The Court gave Plaintiff forty-five days to submit the filing fee. *Id.* at 5. Plaintiff has now filed a Motion for Appointment of Counsel ("Mot.," ECF No. 4).

///

///

## MOTION FOR APPOINTMENT OF COUNSEL

In his Motion, Plaintiff states that he requires counsel because he is "extremely traumatized" and the unnamed defendants "need to be held responsible for their actions." Mot. at 1. He further states he has had previous civil suits dismissed because he did not have the assistance of counsel. *Id.* at 2.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion may be exercised only under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Here, Plaintiff has failed to demonstrate a likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, as discussed in the Order, Plaintiff's case cannot proceed until he pays the required filing fee. *See generally* Order. There is thus nothing for an attorney to do at this stage in the proceedings. Further, while Plaintiff may not be formally trained in the law, he appears capable of legibly articulating the facts and circumstances relevant to his claims—which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Finally, to the extent Plaintiff asserts that his detention makes counsel necessary, a lack of legal training and limited access to the law library are issues common to many prisoners and do not amount to exceptional circumstances. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). Accordingly, the Court finds no "exceptional circumstances" currently exist.

## CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) without prejudice. The Court reminds Plaintiff that to proceed, he must pay the $402 civil filing **on or before January 30, 2024**, or the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated: January 16, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge